MR. JUSTICE DAY
delivered the opinion of the Court.
This case is one of three consolidated for the purpose of examining 1969 Perm. Supp., C.R.S. 1963, 13-5-30. Defendant Smith was convicted in the Arápahoe county court of “driving under the influence',” 1969 Perm. Supp., C.R.S. 1963, 13-5-30(l)(a).
On appeal the district court reversed the defendant’s conviction on the ground that the county court erred in not instructing the jury on the lesser included offense of driving while ability is impaired, 1969 Perm. Supp., C.R.S. 1963, 13-5-30(l)(b).
For the reasons more fully discussed in Thompson v. People, 181 Colo. 194, 510 P.2d 311, announced this date, we hold the judgment of the district court in reversing .the conviction was correct. We note, however, that the remand to the county court to enter a judgment finding the defendant guilty of driving while ability is impaired or in the alternative to grant a new trial was erroneous. Appellate courts cannot direct the entry of directed verdicts of guilt. Having reversed the county court conviction, the district court could order only a new trial.
The judgment is affirmed with directions to remand the cause to the county court for a new trial.